IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JESSICA AGUILAR and ALMA DELIA LOPEZ, Individually and On Behalf of All Others Similarly Situated, § § § § § | |
| Plaintiffs § | Civil Action No. 7:18-cv-395 |
| § v. § § | |
| ONE STOP PERSONNEL SERVICES, LIMITED LIABILITY PARTNERSHIP, and JOE MURCIA, § § § § | FLSA - Collective Action |
| Defendants § | Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Jessica Aguilar and Alma Delia Lopez ("Named Plaintiffs"), on behalf of themselves and all others similarly situated ("Class Members") (collectively, "Plaintiffs"), bring this suit for unpaid wages against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended (the "FLSA"). They show as follows:

### I. INTRODUCTION

1. The Named Plaintiffs, Jessica Aguilar and Alma Delia Lopez, were employed by Defendants One Stop Personnel Services, Limited Liability Partnership (hereinafter "One Stop, LLP") and Joe Murcia, collectively referred to as "One Stop," to clean Cinemark Theatres locations in Hidalgo County, Texas. The Named Plaintiffs typically worked between about 55 and 65 hours or more each workweek, but One Stop paid them flat salaries that amounted to less than the minimum wage, refused to pay them the required overtime pay, and made unlawful deductions from their pay. One Stop further violated the FLSA by failing to accurately record the hours the

Named Plaintiffs worked. Because there are Class Members who are similarly situated to the Named Plaintiffs with regard to work performed and One Stop's unlawful compensation policies, the Named Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction in this matter because the Named Plaintiffs assert claims arising under federal law. Specifically, the Named Plaintiffs assert claims arising under the FLSA, 29 U.S.C. § 201, *et seq*. This Court therefore has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the McAllen Division of the United States District Court for the Southern District of Texas. A substantial part of the events forming the basis of this suit occurred in Hidalgo County, Texas, which is in this District and Division. Venue is therefore proper under 28 U.S.C. § 1391(b).

## III. PARTIES

4. Named Plaintiff Jessica Aguilar is an individual who resides in Hidalgo County, Texas. She has consented to be a party in this action and her consent form is attached hereto as "Exhibit A."

5. Named Plaintiff Alma Delia Lopez is an individual who resides in Hidalgo County, Texas. She has consented to be a party in this action and her consent form is attached hereto as "Exhibit A."

6. Defendant One Stop Personnel Services, Limited Liability Partnership (hereinafter "One Stop, LLP") is a limited liability partnership with its principal place of business at 9555 Lebanon Road, Suite 101, Frisco, Texas 75035. Defendant One Stop, LLP is authorized to do and does business in Texas. Defendant One Stop, LLP may be served with process by service on its registered agent for service, Curtis Bulgerin, at 4407 Bee Cave Road, Bldg. 6, Suite 621, Austin, Texas 78746.

7. Defendant Joe Murcia is an individual who can be served at his principal place of business, 9555 Lebanon Road, Suite 101, Frisco, Texas 75035.

## IV. COVERAGE UNDER THE FLSA

8. At all relevant times, the Named Plaintiffs have been employed in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all relevant times, Defendant One Stop, LLP has had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all relevant times, Defendant One Stop, LLP has had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

## V. EMPLOYEE AND EMPLOYER STATUS

11. At all relevant times, the Named Plaintiffs were "employees" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

12. At all relevant times, each of the Defendants has acted, directly or indirectly, in the interest of an employer with respect to the Named Plaintiffs.

13. At all relevant times, Defendant One Stop, LLP has been an "employer" of the Named Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Defendant Joe Murcia has been an "employer" of the Named Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. Defendant Joe Murcia possessed the authority to hire and fire the Named Plaintiffs.

16. Defendant Joe Murcia possessed and exercised the authority to control the employment rules and policies applicable to the Named Plaintiffs, including scheduling, timekeeping, payroll, and disciplinary practices.

## VI. FACTUAL ALLEGATIONS

17. Defendant One Stop, LLP is a company that provides cleaning services to commercial establishments throughout the United States, including establishments located in and around the Rio Grande Valley area of Texas.

18. The Named Plaintiffs were employed by One Stop as janitors in Hidalgo County, Texas at Cinemark Theatres locations.

19. The Named Plaintiffs' primary job duties consisted of cleaning inside of the movie theaters, including vacuuming carpets, sweeping floors, washing windows, picking up trash, and scrubbing bathrooms.

20. Named Plaintiff Jessica Aguilar was employed by One Stop from approximately December 2015 through approximately October 2016.

21. Named Plaintiff Alma Delia Lopez was employed by One Stop from approximately May 2016 through approximately May 2018.

22. The Named Plaintiffs regularly worked between about 55 and 65 hours per week.

23. One Stop regularly clocked the Named Plaintiffs out of the timekeeping system hours before they finished working, and therefore maintained inaccurate time records.

24. The Named Plaintiffs were paid semi-monthly salaries ranging from about $400 to about $600.

25. The Named Plaintiffs were regularly paid less than the minimum wage of $7.25 per hour, computed by dividing the total compensation received by each of them in a given workweek by the number of hours worked by each of them in that workweek.

26. Furthermore, the Named Plaintiffs were not paid overtime compensation at the rate of one-and-one-half times their regular rates of pay for hours worked over 40 hours in a workweek.

27. The Named Plaintiffs' immediate supervisor, Olga Barrera Garcia, regularly cashed the Named Plaintiffs' paychecks and withheld some of their pay, which she described as a check cashing fee.

28. On occasion, the Named Plaintiffs were required to buy cleaning supplies and equipment with their own money, and were not compensated for these items, which were necessary for their work and were for One Stop's benefit.

29. These fees and purchases reduced the Named Plaintiffs' effective hourly wages in further violation of the minimum wage and overtime standards.

30. One Stop knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum wage and overtime compensation to the Named Plaintiffs.

### VII. COLLECTIVE ACTION ALLEGATIONS

31. The Named Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the Class Members.

32. The Class Members performed the same or similar job duties as the Named Plaintiffs in that they were also employed by One Stop to clean Cinemark Theatres locations in Cameron and Hidalgo Counties, Texas.

33. The Class Members were subject to the same unlawful pay practices in that:

   a. they also regularly worked in excess of 40 hours per week for Defendants;

   b. they also received semimonthly salaries that equaled less than the minimum wage of $7.25 per hour for each hour worked in a given workweek;

   c. they also did not receive overtime pay from Defendants when they worked over 40 hours in a given workweek;

   d. they also experienced deductions from their pay such as check-cashing fees or costs of supplies that brought their effective pay below the minimum wage; and

e. One Stop failed to maintain accurate records of their hours worked.

34. In 2017, Defendants were subject to an investigation by the U.S. Department of Labor Wage and Hour Division (the "DOL") regarding potential FLSA violations as to some of the Class Members. The DOL determined that Defendants had violated the FLSA.

35. In response to the DOL investigation, Defendants refused to pay the wages determined owed to those Class Members, and refused to modify their pay practices.

36. Defendants knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay minimum wage and overtime compensation to the Class Members.

37. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the class as follows:

> All individuals who worked for One Stop Personnel Services, Limited Liability Partnership cleaning Cinemark Theatres locations in Cameron and Hidalgo Counties at any time beginning three years before the date this lawsuit is filed.

## VIII. CLAIMS FOR RELIEF - FLSA

38. Plaintiffs incorporate each of the foregoing paragraphs of this Complaint. The above-described actions of One Stop violated Plaintiffs' rights to the minimum wage and overtime pay under the FLSA, for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a. Certify the FLSA claims against Defendants to proceed as a collective action under 29 U.S.C. § 216(b), and authorize the appropriate notice of this suit, and the opportunity to opt into it, to be provided to all Class Members;

b. Declare Defendants in violation of the FLSA;

c. Award damages to the Named Plaintiffs and Class Members for their unpaid minimum wages and overtime pay, and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Award the Named Plaintiffs and Class Members the costs of this action;

e. Award the Named Plaintiffs and Class Members reasonable attorney's fees;

f. Award the Named Plaintiffs and Class Members Post-Judgment interest; and

g. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

EQUAL JUSTICE CENTER and
TRANSNATIONAL WORKER
RIGHTS CLINIC

By: /s/ Colleen Mulholland
Colleen Mulholland, Attorney-In-Charge
Texas State Bar No. 24091765
S.D. TX Bar No. 3151271
8301 Broadway Street, Ste. 309
San Antonio, Texas 78209
Tel (210) 308-6222, ext. 101
Fax (210) 308-6223
cmulholland@equaljusticecenter.org

Aaron Johnson
Texas State Bar No. 24056961
510 S. Congress Ave., Ste. 206
Austin, Texas 78704
Tel (512) 474-0007, ext. 104
Fax (512) 474-0008
ajohnson@equaljusticecenter.org

Shana Khader
Texas State Bar No. 24099860
1250 W. Mockingbird Ln., Ste. 455
Dallas, Texas 75247
Tel (469) 228-4233
Fax (469) 941-0861
skhader@equaljusticecenter.org

**COUNSEL FOR PLAINTIFFS**