United States District Court
Southern District of Texas
FILED

SEP 07 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
September 07, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

JESSICA AGUILAR, *et al.*,  §
  §
  Plaintiffs,  §
  §
VS.  §     CIVIL ACTION NO. 7:18-CV-0395
  §
ONE STOP PERSONNEL SERVICES,  §
LIMITED LIABILITY PARTNERSHIP,  §
  §
  Defendant.  §

## ORDER

This is a collective action for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Pending is the parties' *Joint Motion to Approve Settlement and Stay Proceedings* (the "Motion") (Dkt. No. 87). Requesting that the Magistrate Judge approve the terms of their recent settlement agreement, the parties represent that a bona fide dispute exists between them, and that the settlement reflects a fair and reasonable compromise of the plaintiffs' claims. (*Id.* at 2). Nonetheless, the parties "wish to keep information related to the [s]ettlement confidential[,]" and they have thus refrained from recounting the terms of the settlement or filing a copy of the settlement agreement at this time. (*See id.* at 1-2).

The settlement of a collective action under the FLSA is subject to court review and approval. *Chano v. City of Corpus Christi*, 2019 WL 4247767, at *2 (S.D. Tex. July 11, 2019) (collecting cases), *report and recommendation adopted as modified*, 2019 WL 4242468 (S.D. Tex. Sept. 5, 2019). For a settlement to be subject to approval, the reviewing court must determine that (i) there is a bona fide dispute over an FLSA provision, and (ii) the terms of the settlement are fair and reasonable. *Id.* (citing *Sims v. Housing Auth. City of El Paso*, 2012 WL 10862119, at *2-3 (W.D. Tex. Feb. 29, 2012)). The standard of Rule 23(e) of the Federal Rules of Civil Procedure,

which governs the approval of proposed class action settlements, is analogous to and thus relied

upon in reviewing whether the terms of a settlement in a collective action are "fair and reasonable."

*See id.* (citing *Sims*, 2012 WL 10862119, at *3); *see also Altier v. Worley Catastrophe Response,*

*LLC*, 2012 WL 161824, at *14 (E.D. La. Jan. 18. 2012).  In determining whether a settlement is

fair and reasonable, reviewing courts should review the following six factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity,
> expense, and likely duration of the litigation; (3) the stage of the proceedings and
> the amount of discovery completed; (4) the probability of the plaintiffs' success on
> the merits; (5) the range of possible recovery; and (6) the opinions of counsel and
> the parties.

*See Chano*, 2019 WL 4247767, at *2-3 (citing *Sims*, 2012 WL 10862119, at *3-4).

While the parties represent that there is a bona fide dispute and that their settlement is fair

and reasonable, the Magistrate Judge is unable to make an independent determination in this regard

absent any specific representations as to the terms of the settlement agreement or without otherwise

reviewing a copy of the settlement agreement itself.  District courts in the Southern District of

Texas have denied motions for the approval of settlement agreements in FLSA collective actions

under similar circumstances.  *See Mitchell v. Yellowjacket Oilfield Servs., LLC*, 2015 WL

12838864, at *1 (S.D. Tex. July 15, 2015) (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp.

2d 714, 720 (E.D. La. 2008)) ("Here, . . . the parties have not filed their settlement agreement or

made more than conclusory representations that it is fair and reasonable.").  Further development

of the record is thus warranted before the settlement agreement may be approved.

Accordingly, the Motion (Dkt. No. 87) is hereby DENIED without prejudice.   Any

subsequent motion for approval of the settlement agreement must be filed **within 21 days of the**

**date of this order.**  The parties are reminded that "[i]f a motion . . . requires consideration of facts

not appearing of record, proof by affidavit or other documentary evidence must be filed with the

motion . . . ."  S.D. Tex. L.R. 7.7.  Any party wishing to file a document under seal, such as a proposed settlement agreement, must file a properly supported motion to seal.  *See Mitchell*, 2015 WL 12838864, at *1 (citing *Prater v. Commerce Equities Mgmt. Co., Inc.*, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) (noting that "[a]bsent an extraordinary reason, sealing a settlement agreement in an FLSA case from public scrutiny would thwart the public's independent interest in assuring that employee's wages are fair")).

IT IS SO ORDERED.

DONE at McAllen, Texas this 7th day of September 2022.

J. SCOTT HACKER
United States Magistrate Judge