**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JESSICA AGUILAR, ALMA DELIA LOPEZ, VERONICA GOMEZ, AND MARIA MOLINA VELA, Individually and On Behalf of All Others Similarly Situated,** | §§§§§ | **Civil Action No. 7:18-cv-395-RH** |
| **Plaintiffs,** | §§ | |
| | § | **FLSA - Collective Action** |
| **v.** | §§ | |
| **ONE STOP PERSONNEL SERVICES, LIMITED LIABILITY PARTNERSHIP,** | §§§ | |
| | § | **Jury Trial Demanded** |
| **Defendant.** | § | |

## SECOND JOINT MOTION TO APPROVE SETTLEMENT AND STAY PROCEEDINGS

TO THE HONORABLE COURT:

Plaintiffs, Jessica Aguilar, Alma Delia Lopez, Veronica Gomez, and Maria Molina Vela, individually and on behalf of themselves and all Opt-in Plaintiffs to this lawsuit (collectively, "Plaintiffs") along with Defendant One Stop Personnel Services, Limited Liability Partnership ("Defendant") filed a *Joint Motion to Approve Settlement and Stay Proceedings* (the "Motion") (Dkt. No. 87). On September 7, 2022, the Court entered an Order (the "Order") denying the Motion without prejudice and ordering that any subsequent motion for approval of the settlement agreement must be filed by September 28, 2022. (Dkt. No. 88).

On September 20, 2022, Plaintiffs and Defendants filed a Joint Request for Pre-Motion Conference to review the status of the case and the process for approval. (Dkt. No. 89). As stated in the parties' request, the parties believe that the process for approval and the review of the factors outlined in the Order may be more easily reviewed and efficiently presented to the Court in a status conference.

**Bona Fide Dispute**

In its Order, the Court holds that settlement agreements under the FLSA must receive court approval and that "the reviewing court must determine that (i) there is a bona fide dispute over the FLSA provision, and (ii) the terms of the settlement are fair and reasonable." (p. 1) (citing *Chano v. City of Corpus Christin*, 2019 WL 4247767, at *2 (S.D. Tex. July 11, 2019); *Sims v. Housing Auth. City of El Paso*, 2012 WL 10862119, at *2-3 (W.D.Tex. Feb. 29, 2012)).

In this case, there is a bona fide dispute as Defendants deny the allegations made by Plaintiffs. Plaintiffs have asserted claims on behalf of a class of similarly situated workers against Defendant for violations of the Fair Labor Standards Act for unpaid minimum and overtime wages. The elements are outlined in Plaintiffs' First Amended Complaint (Dkt. No. 48). Defendant denies any and all claims as further set forth in its Answer and Affirmative Defenses (Dkt. No. 49). This Court granted Conditional Certification and Notice on April 3, 2020 (Dkt. No. 54). Fourteen individuals consented to join the lawsuit as opt-in plaintiffs throughout the initial and supplemental notice phases. Defendants deny the allegations and argue that the individual claimants are not "similarly situated" within the meaning of the FLSA and intends to move to decertify after the close of discovery.

These contested issues demonstrate the existence of a bona fide disputes among the parties on the issues of fact and law satisfying the first part of the Court's decision to approve the settlement agreement.

**Fair and Reasonable Resolution**

Additionally, reviewing courts consider six factors in determining whether a settlement is fair and reasonable. (Order, p. 2) (citing *Chano*, 2019 WL 4247767, at *2-3. The settlement meets the six factors for the following reasons:

1.   **The settlement was not a product of fraud or collusion.** The settlement was negotiated on behalf of Plaintiffs and Defendant by attorneys who have years of experience litigating similar wage claims. Plaintiffs are represented by attorneys at the Equal Justice Center. Defendant is represented by attorneys at Jackson Lewis P.C. Both sides engaged in negotiations after extensive discovery, including production and review of payroll records and time records, and multiple depositions, and after participating in a full day of mediation with Bill Lemons, an experienced FLSA mediator. *See Trevino v. Colt Oilfield Service, LLC*, 5-18-cv-01304-FB-RBF, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019) (a settlement was considered to be fair and reasonable where it was "negotiated by experienced attorneys and reflects an arms' length compromise of the disputed claims").

2.   **The settlement was fair and reasonable considering the complexity, expense, and likely duration of the litigation, and the stage of the proceedings and the amount of discovery completed.** The case was originally filed by two plaintiffs on December 14, 2018. (Dkt. No. 1). The case was conditionally certified as a collective action on April 3, 2020. (Dkt. No. 54). The parties continued to engage in discovery after the notice period. The case involved a total of eighteen plaintiffs who worked at multiple locations. While Defendant had records relating to some plaintiffs, there were not records for all plaintiffs, which contributed to the complexity of the case and its presentation. In considering the potential complexity, a settlement at this time is a fair and reasonable effort to avoid the expense, and likely duration of the litigation. *See, e.g., Sarabia v .Spitzer Indus., Inc.*, 4:17-cv-2092, 2018 WL 60466326, at *4 (S.D. Tex. Nov. 19, 2018).

3.   **Probability of Plaintiffs' success on the merits, and the range of possible recovery.** In negotiating, the parties took into consideration the factual and legal obstacles and the uncertainty of damages that could be awarded to Plaintiffs. As noted above, not all of the opt-in plaintiffs

appeared in Defendant's records and the issues to be determined at trial included the amount of hours, if any, that were not recorded in Defendant's employment records as well as the threshold issue of whether any specific plaintiff actually worked for Defendant. Therefore, Plaintiffs would have to present their estimate of hours to a jury, as well as their proof that they were employed by Defendant, based on their recollection; the parties considered the risks that a jury would or would not accept the testimony.

4. **<u>The settlement is fair and reasonable in the opinion of the participants</u>.** Plaintiffs' attorneys, the named plaintiffs as representatives of the opt-in plaintiffs, and the opt-in plaintiffs themselves believe that the settlement is fair and reasonable, and desire that the agreement be approved. Similarly, Defendant's attorney and Defendant believe that the settlement is fair and reasonable and should be approved.

5. **<u>Review</u>.** Should the court determine that it is necessary to review the agreement itself, because the parties have agreed that the terms of the agreement confidential, the parties agree that it should be reviewed by the court *in camera*.

As described herein, the Parties demonstrate that their settlement agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions and should be approved. Further, the agreement must be approved to be effective. Wherefore, the parties respectfully pray that the Court approve the Settlement Agreement and stay all proceedings until the parties file dismissal documents upon payment of the settlement funds and pursuant to the terms of the Settlement Agreement.

Respectfully submitted,

EQUAL JUSTICE CENTER

By: /s/ Christopher J. Willett
Christopher J. Willett
Attorney-In-Charge
Texas State Bar No. 24061895
S.D. Texas Fed. ID No. 1609981
cwillett@equaljusticecenter.org
314 E Highland Mall, Ste 401,
Austin, Texas 78752
Tel (512) 474-0007, ext. 107
Fax (512) 474-0008


COUNSEL FOR PLAINTIFFS

JACKSON LEWIS P.C.
By:  /s/ Patrick S. Richter
Patrick S. Richter
State Bar No. 00791524
816 Congress Avenue, Suite 1530
Austin, Texas 78701
PH: (512) 362-7100
FX: (512) 362-5574
Patrick.Richter@jacksonlewis.com

COUNSEL FOR DEFENDANT

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 28, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Patrick S. Richter
State Bar No. 00791524
Patrick.Richter@jacksonlewis.com

COUNSEL FOR DEFENDANT

<u>/s/ Christopher J. Willett</u>
Christopher J. Willett
