United States District Court
Southern District of Texas
FILED

MAR 02 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
March 02, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JESSICA AGUILAR**, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:18-CV-0395 |
| **ONE STOP PERSONNEL SERVICES, LIMITED LIABILITY PARTNERSHIP,** | § § § § | |
| Defendant. | § | |

## ORDER

This is a collective action involving four named plaintiffs and fourteen opt-in plaintiffs for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Pending is the parties' *Second Joint Motion to Approve Settlement and Stay Proceedings* (the "Motion") (Dkt. No. 90).[1] Through the Motion, the parties represent that there is a bona fide dispute between them and that the settlement reflects a fair and reasonable compromise of the plaintiffs' claims.[2] (*Id.* at

---

[1] The settlement of a collective action under the FLSA is subject to court review and approval. *Chano v. City of Corpus Christi*, 2019 WL 4247767, at *2 (S.D. Tex. July 11, 2019) (collecting cases), *report and recommendation adopted as modified*, 2019 WL 4242468 (S.D. Tex. Sept. 5, 2019).

[2] For a settlement to be subject to approval, the reviewing court must determine that (i) there is a bona fide dispute over an FLSA provision, and (ii) the terms of the settlement are fair and reasonable. *Chano*, 2019 WL 4247767, at *2 (citing *Sims v. Housing Auth. City of El Paso*, 2012 WL 10862119, at *2-3 (W.D. Tex. Feb. 29, 2012)). The provisions of Rule 23(e) of the Federal Rules of Civil Procedure, which governs the approval of proposed class action settlements, are analogous to this standard and thus relied upon in reviewing whether the terms of a settlement in a FLSA collective action are "fair and reasonable." *See id.* (citing *Sims*, 2012 WL 10862119, at *3); *see also Altier v. Worley Catastrophe Response, LLC*, 2012 WL 161824, at *14 (E.D. La. Jan. 18. 2012). In determining whether a settlement is fair and reasonable, reviewing courts should review the following six factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel [and the parties].

*Chano*, 2019 WL 4247767, at *2-3 (citing *Sims*, 2012 WL 10862119, at *3-4).

2). The Magistrate Judge recently held a hearing on the Motion, at which the parties offered additional argument, explained the terms of the settlement agreement, and offered details as to matters like the distribution of the settlement proceeds amongst the plaintiffs and counsel and the amount of attorney's fees. The Magistrate Judge has also conducted an *in camera* review of the settlement agreement itself, as well as an addendum detailing the distribution of the proceeds.

Based on the record, the parties' arguments, and the settlement documents, the Magistrate Judge finds and concludes that there is a bona fide dispute and that the settlement agreement is fair and reasonable. Accordingly, the Motion (Dkt. No. 90) is hereby GRANTED. The parties' settlement agreement is thus APPROVED, and these proceedings are now STAYED in all respects save for the matter that follows.

The parties have requested that the terms of the settlement agreement remain confidential. (*Id.* at 4). That said, given the public's common-law right to inspect and copy judicial records, the discretion to seal judicial records should be exercised sparingly, especially where, as here, the settlement agreement is subject to judicial scrutiny.[3] Thus far, the parties have failed to articulate a reason in support of confidentiality.[4] The Magistrate Judge is contemplating disclosure of the

---

[3] *See SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (recognizing that the "district court's discretion to seal the record of judicial proceedings is to be exercised charily"); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021) ("In our view, courts should be ungenerous with their discretion to seal judicial records."); *Mitchell v. Yellowjacket Oilfield Servs., LLC*, 2015 WL 12838864, at *1 (S.D. Tex. July 15, 2015) (citing *Prater v. Commerce Equities Mgmt. Co., Inc.*, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008)) (noting that "[a]bsent an extraordinary reason, sealing a settlement agreement in an FLSA case from public scrutiny would thwart the public's independent interest in assuring that employee's wages are fair"); *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d. 643, 644-48 (S.D.N.Y. 2011) (joining "the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access").

[4] The parties were previously advised that the filing of a document under seal, such as a proposed settlement agreement, must be properly supported by a motion to seal. (Dkt. No. 88 at 3). Cited in support was the case of *Mitchell v. Yellowjacket Oilfield Servs., LLC*, where it was recognized that "[a]bsent an extraordinary reason, sealing a settlement agreement in an FLSA case from public scrutiny would thwart the public's independent interest in assuring that employee's wages are fair." 2015 WL 12838864, at *1.

settlement agreement and distribution addendum albeit with redactions of any references to specific monetary amounts, like the gross settlement amount, back wages, liquidated damages, service awards, total distribution payments, and attorney's fees and costs.[5] The parties are hereby ORDERED to submit related briefing **by no later than 14 days from the date of this order.**

IT IS SO ORDERED.

DONE at McAllen, Texas this 2nd day of March 2023.

J. SCOTT HACKER
United States Magistrate Judge

---

[5] *See Hiser v. NZone Guidance, LLC*, 2021 WL 2934896, at *1-2 (W.D. Tex. Jan. 25, 2021); *see also Lovett v. Connect America.com*, 2015 WL 5334261, at *6 (E.D. Pa. Sept. 11, 2015).